IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRIUMPH FOODS, LLC, CHRISTENSEN FARMS MIDWEST, LLC, THE HANOR COMPANY OF WISCONSIN, LLC, NEW FASHION PORK, LLP, EICHELBERGER FARMS, INC. and ALLIED PRODUCERS' COOPERATIVE, individually and on behalf of its members,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREA JOY CAMPBELL, in her official capacity as Attorney General of Massachusetts, and ASHLEY RANDLE, in her official capacity as Massachusetts Commissioner of Agriculture,<br><br>Defendants. | Case No. 1:23-cv-11671-WGY<br><br><br><br>**JOINT STATUS REPORT** |

COMES NOW, Triumph Foods, LLC, Christensen Farms Midwest, LLC, The Hanor Company of Wisconsin, LLC, New Fashion Pork, LLP, Eichelberger Farms, Inc., and Allied Producers' Cooperative, individually and on behalf of its members ("Plaintiffs"), together with Andrea Joy Campbell, in her official capacity as Attorney General of Massachusetts, and Ashley Randle, in her official capacity as Massachusetts Commissioner of Agriculture ("Defendants") (collectively "the Parties"), and, as directed by the Court at the September 6, 2023 hearing and by its September 12, 2023 docket order, the Parties submit this Joint Status Report to inform the Court on how the Parties wish to proceed with this matter given that the Court has consolidated

1

Plaintiffs' Motion for a Preliminary Injunction with a trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2).

1. **Consolidation of the Motion with a Trial on the Merits:** The Parties do not object to the Court's consolidation of the Motion for a Preliminary Injunction with a trial on the merits, except as outlined by Defendants' below position. The Parties do agree that the case should be expedited. As further described below, however, the Parties disagree with respect to the timing of that expedited schedule and the events which must precede a trial setting.

**Defendants' Position.** While the Defendants do not object to consolidation under Rule 65(a)(2) generally, Defendants would object if the result of consolidation were a trial schedule so expedited as to deprive the Defendants of an opportunity to adequately prepare for trial, which Plaintiffs advocate for here. The Defendants do not agree to try the case on the merits on October 10, 2023, as this would deprive Defendants of an opportunity to adequately prepare, including pursuing discovery and a motion to dismiss as outlined below.

**Plaintiffs' Position.** The Plaintiffs agree with the Court's Rule 65(a)(2) consolidation and trial setting date of October 10, 2023. Plaintiffs believe both parties agreed to the consolidation and trial setting and to proceed on a Case-Stated basis at the September 6 hearing and that the transcript reflects such. Transcript, p. 5, ll. 15-25; p. 6, ll. 1-3. Plaintiffs note that any objection now set forth by Defendants has been waived as untimely. *See* New England Anti-Vivisection Soc., Inc. v. U.S. Surgical Corp., 889 F.2d 1198, 1201 (1st Cir. 1989) (citing K–Mart Corp. v. Oriental Plaza Inc., 875 F.2d 907, 913–14 (1st Cir.1989)) ("We recently have held that, once a party is clearly advised of the court's intention to proceed under Rule 65(a)(2), unless a party raises an immediate objection, it may not be heard to complain later.")

2. **Motion to Dismiss:**

**Defendants' Position**. As Defendants advised the Court at the September 6th hearing, Defendants intend to move to dismiss the complaint. At Plaintiffs' request, Defendants waived service of the complaint, meaning that Defendants' responsive pleading deadline is October 2, 2023. Defendants accordingly will file a Motion to Dismiss on or before that deadline. Defendants request that the Motion to Dismiss be fully briefed and decided by the Court before proceeding to trial because the Motion to Dismiss will address how many, and which, claims will proceed to trial. Accordingly, Defendants are filing forthwith a motion to continue the October 10th setting until such time as the Motion to Dismiss can be fully briefed, heard, and ruled on by the court.

**Plaintiffs' Position.** Plaintiffs do not believe there are grounds to grant any possible Motion to Dismiss, and do not believe a Motion to Dismiss is necessary in light of the Court's Fed. R. Civ. P. 65(a) consolidation and expedited setting. If Defendants elect to file a Motion to Dismiss and delay their filing to the beginning of October as they have represented they may, adjudicating their motion will cause a delay of the October 10 setting. In light of the court's consolidation of the Motion for Preliminary Injunction to a trial on the merits slated for October 10 and the fact that Defendants refuse to agree to any temporary stay of enforcement as noted herein, Plaintiffs have no choice but to object to further delay of the October 10 setting to allow for a Motion to Dismiss or any additional pretrial litigation that may be pursued by Plaintiffs.

3. **Discovery:**

**Defendants' Position**. For purposes of a Motion to Dismiss, Defendants must accept Plaintiffs' well-plead factual allegations as true, but Defendants do not concede that those allegations are true. Should Defendants' Motion to Dismiss be denied in whole or in part,

Defendants would request the Court enter a scheduling order that provides for a period of fact and expert discovery related to the claims that survive a Motion to Dismiss and that would enable Defendants to retain their own experts through the state-required procurement process. Take, for example, the Plaintiffs' dormant Commerce Clause claim. While Defendants' position is that Plaintiffs cannot state such a claim under existing precedent, if this Court were to proceed to the merits of the claim, the Defendants would seek discovery related to the nature of the alleged burden on interstate commerce (including the projected economic effects of the law), alleged harm to Plaintiffs' businesses, and the alleged effect of the law on animal welfare. As signaled in Defendants' opposition to the motion for preliminary injunction, Defendants also intend to take discovery related to Plaintiffs' standing. Accordingly, should Defendants' Motion to Dismiss be denied, Defendants request that the Court hold a Rule 16 scheduling conference to set a schedule for discovery and trial.

**Plaintiffs' Position.** Plaintiffs believe that both parties represented to the Court to forgo discovery in this case at the September 6 hearing on the record and to proceed on a Case Stated basis. Transcript, p. 4, ll. 23-25; p. 5, ll. 1-25; p. 6, l. 1-3. Further, if Defendants contend a Motion to Dismiss is warranted for the dormant Commerce Clause claim, then Defendants must believe *no set of facts*, whether challenged through discovery or not, can state a claim for Plaintiffs. Plaintiffs remain agreeable to forego the discovery phase and proceed to trial on a Case Stated basis. Plaintiffs note that waiver of discovery, which Plaintiffs have agreed to, actually prejudices Plaintiffs, not Defendants; Plaintiffs have produced ten substantive declarations from the witnesses in this matter, whereas Defendants have produced none. Thus, Defendants already have a very thorough idea already of what Plaintiffs' witness will testify to at trial.

4.     **Case Stated**:

**Defendants' Position**.  Defendants believe that the parties have different views on what constitutes a Case Stated.  Defendants understand a Case Stated to proceed solely on a written record and without live testimony, *see* Transcript p. 8, ll. 2-6, although there are differing statements in the case law about whether that written record consists only of undisputed facts or whether each party may put in separate written submissions for the judge to resolve disputes of fact.[1]  Defendants understand Plaintiffs to view the Case-Stated procedure as either on a written record or a hybrid proceeding, in which certain facts are stipulated while other facts are presented through live testimony and subject to cross-examination.  The Parties both understand the Court's preference to be that, should cross-examination be needed, a witness's direct and cross-examination should both be live, rather than conducting direct examination through the papers and cross-examination through live testimony.  Transcript, p. 9, ll. 3-5.

Defendants believe that they agreed on September 6 to consider submitting the case as a Case Stated, *see* Transcript, p. 7, ll. 12-13, and remain open to the potential of submitting the case as a Case Stated, but believe submission on a Case Stated on October 10th is premature because (1) the parties require clarification of the "case stated" procedure, (2) the Motion to Dismiss has not yet been briefed or decided, a decision on which will determine which claims will remain in the case; and (3) should the Motion to Dismiss be denied, discovery is needed to determine the facts (if any) to which Defendants could stipulate.  Defendants have reviewed

---

[1] Cases describe two versions of a "case stated" procedure. *See Groden vs. C. Carney Recycling Sols. U, LLC*, D. Mass., No. CV 21-10208-WGY (Mar. 23, 2023) ("In a case stated, the parties waive trial and present the case to the court on the undisputed facts in the pre-trial record," quoting *Sánchez-Rodríguez v. AT&T Mobility P.R., Inc.*, 673 F.3d 1, 10-11 (1st Cir. 2012)); *but see A & W Maintenance, Inc. v. First Mercury Ins. Co.*, 91 F. Supp. 3d 113, 118 (D. Mass. 2015) ("in a 'case stated' the parties authorize the court to decide any significant issues of material fact or disputed factual questions that remain.")

Plaintiffs' declarations and would not stipulate to most of the facts set forth therein. Further, Defendants do not agree to waive their rights to discovery and to cross examination of Plaintiffs' witnesses.

**Plaintiffs' Position**. Plaintiffs believe that *both* parties agreed to try to proceed on a Case Stated basis at the September 6 hearing, and further agreed to do so on October 10, 2023. Transcript, p. 5, ll. 15-25; p. 6, ll. 1-3. Plaintiffs continue to agree to do so as represented. Following the Court's direction, Plaintiffs proceeded with attempting discussions for the format in which to proceed on a Case Stated basis for October 10 and have proposed to Defendants that the Plaintiffs draft a proposed Joint Statement of Facts for Defendants' review and consideration on or before September 20, 2023, with the parties to also exchange any proposed declarations on that date. A finalized Joint Statement of Facts would then be submitted to the Court no later than September 27, 2023. If any remaining witnesses were necessary after such deliberation between the parties, the name or names of those limited witnesses would be identified by both parties for the Court at that time with the approximate amount of time required for testimony. Plaintiffs further understand that a Case Stated would contemplate both parties' preliminary injunction briefing, declarations and exhibits attached thereto to be fully incorporated into the trial record pursuant to Fed. R. Civ. P. 65(a)(2). Plaintiffs contend that the Case Stated trial, with potential limited testimony, should proceed in accordance with this Court's procedure followed in *Victim Rts. L. Ctr. V. Cardona*, 552 F. Supp. 3d 104, 138 (D. Mass. 2021), *order clarified*, No. CIV 20-11104-WGY, 2021 WL 3516475 (D. Mass. Aug. 10, 2021), and *appeal dismissed sub nom. Chicago All. Against Sexual Exploitation v. Cardona*, No. 21-1773, 2022 WL 950944 (1st Cir. Feb. 7, 2022), and *appeal dismissed sub nom. Chicago All. Against Sexual Exploitation v. Cardona*, No. 21-1773, 2022 WL 950944 (1st Cir. Feb. 7, 2022). Plaintiffs further contend that some limited testimony

was contemplated by both of the Parties at the September 6, hearing. Transcript p. 4, ll. 20-22.

5. **Stay of Enforcement**:

**Defendants' Position**.  The challenged law was passed in 2016 and went into effect on August 24, 2023, consistent with a joint stipulation entered in *Mass. Rest. Ass'n v. Healey*, No. 22-cv-11245 (D. Mass.), Dkt. Nos. 21 (Aug. 5, 2023) (joint stipulation) & 22 (Aug. 8, 2023) (court order).  Defendants do not agree to stay enforcement of the Rules until the Court rules on Plaintiffs' Motion for Preliminary Injunction.  Defendants would also oppose a motion for a temporary restraining order or a stay, if such a motion were filed.

**Plaintiffs' Position**.  In light of Defendants' position to continue the October 10 setting and proceed with both pretrial litigation and discovery, Plaintiffs have agreed to allow for Defendants' request for more time for their pretrial litigation and possible limited discovery if Defendants simply agreed to a temporary stay of enforcement until the case is tried.  Unless a stay of enforcement is entered, Plaintiffs cannot agree to extend the preliminary injunction consolidated trial on the merits and would oppose such extension requested herein by Defendants. If this matter follows a traditional case management path and further delay of the Plaintiffs' Motion for Preliminary Injunction is created by Defendants, respectfully, Plaintiffs will have to pursue a temporary restraining order or administrative stay of enforcement.   Defendants want Plaintiffs to agree to their delays and additional time, but refuse to offer interim relief while they litigate and explore discovery.

While the law was passed in 2016, the law did not go into effect until August 24, 2023, after a lengthy delay in the promulgation of the final regulations until August of 2022, and a year-long, stipulated stay of enforcement, all the time while the same product in question continued to be sold into the state. Further, the Defendants allowed this product to be sold in the

Commonwealth after August 24, 2023, if it was processed previously into whole pork meat. But in the coming weeks, and soon after October 10, the product Defendants allowed to sell through after August 24, 2023, will dissipate.  Plaintiffs timely filed both their complaint and Motion for Preliminary Injunction.

6. **Trial**:

**Defendants' Position**.  Defendants maintain that Plaintiffs' complaint is subject to dismissal.  Should Defendants' Motion to Dismiss be denied in whole or in part, Defendants will determine the number of fact and expert witnesses it would call, either for submission of the case on a Case Stated or at a trial, but anticipate calling approximately three witnesses.

**Plaintiffs' Position**.  While Plaintiffs are certainly happy to proceed in traditional trial setting under ordinary circumstances, the urgency of the matter calls for expediency, especially in light of the Court's consolidation. Plaintiffs believe that both the parties agreed to negotiate how to proceed on a Case Stated basis.   However, if Defendants maintain their position to adjudicate a Motion to Dismiss and will delay  until the last possible date available, and further plan to engage in possible additional pretrial litigation, pursue traditional pretrial discovery, and Defendants will not stipulate to a Case Stated or written declarations, and this case proceeds on a traditional case management trajectory over Plaintiffs' objection, the Plaintiffs anticipate only calling approximately five witnesses, factual and expert, to testify at trial.

\* \* \*

WHEREFORE, because the Defendants want to assert their right to a Motion to Dismiss and allow for adjudication and a ruling, and thereafter explore written and deposition discovery in advance of trial, Defendants will file a forthcoming Motion to Continue the current setting of October 10, 2023.  Plaintiffs will issue a prompt response.

Respectfully submitted,

| | |
|---|---|
| TRIUMPH FOODS, LLC, CHRISTENSEN FARMS MIDWEST LLC, THE HANOR COMPANY OF WISCONSIN, LLC, NEW FASHION PORK, LLP, EICHELBERGER FARMS, INC., and ALLIED PRODUCERS' COOPERATIVE, | ANDREA JOY CAMPBELL, in her official capacity as Attorney General of Massachusetts, and ASHLEY RANDLE, in her official capacity as Commissioner of the Massachusetts Department of Agricultural Resources, |
| By their attorneys, | By their attorneys, |
| By: */s/ Ryann A. Glenn* | */s/ Vanessa A. Arslanian* |
| Robert L. Peabody<br>MA #551936, NY #1990654<br>HUSCH BLACKWELL LLP<br>One Beacon Street, Suite 1320<br>Boston, Massachusetts 02108<br>Telephone: (617) 720-5090<br>Facsimile: (617) 720-5092<br>robert.peabody@huschblackwell.com<br><br>Cynthia L. Cordes *(admitted pro hac vice)*<br>Ryann A. Glenn *(admitted pro hac vice)*<br>Michael Raupp *(admitted pro hac vice)*<br>HUSCH BLACKWELL LLP<br>4801 Main Street, Suite 1000<br>Kansas City, MO 64112<br>Telephone: (816) 983-8381<br>Facsimile: (816) 983-8080<br>cynthia.cordes@huschblackwell.com<br>ryann.glenn@huschblackwell.com<br>michael.raupp@huschblackwell.com<br><br>*Attorneys for Plaintiffs* | Grace Gohlke, BBO No. 704218<br>Vanessa A. Arslanian, BBO No. 688099<br>Assistant Attorneys General<br>Massachusetts Office of the Attorney General<br>Constitutional and Administrative Law Division<br>One Ashburton Place<br>Boston, MA 02108<br>617-963-2527<br>617-963-2107<br>grace.gohlke@mass.gov<br>vanessa.arslanian@mass.gov<br><br>Maryanne Reynolds, BBO No. 627127<br>Assistant Attorney General<br>Massachusetts Office of the Attorney General<br>Constitutional and Administrative Law Division<br>10 Mechanic Street, Suite 301<br>Worcester, MA 01608<br>774-214-4407<br>maryanne.reynolds@mass.gov<br><br>*Attorneys for Defendants* |

Dated:  September 14, 2023

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

                                        */s/ Vanessa A. Arslanian*

                                        Assistant Attorney General

Dated:  September 14, 2023