UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRIUMPH FOODS, LLC, CHRISTENSEN FARMS MIDWEST, LLC, THE HANOR COMPANY OF WISCONSIN, LLC, NEW FASHION PORK, LLP, EICHELBERGER FARMS, INC., and ALLIED PRODUCERS' COOPERATIVE, individually and on behalf of its members,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREA JOY CAMPBELL, in her official capacity as Attorney General of Massachusetts, and ASHLEY RANDLE, in her official capacity as Massachusetts Commissioner of Agriculture,<br><br>Defendants. | CIVIL ACTION<br>NO. 1:23-cv-11671-WGY |

**DEFENDANTS' EXPEDITED MOTION FOR DISCOVERY STATUS CONFERENCE VIA TELECONFERENCE**
**(Memorandum Incorporated)**

Pursuant to Rules 16, 26, and 37(a) of the Federal Rules of Civil Procedure the Defendants respectfully request a discovery status conference via teleconference so that the parties may benefit from the Court's assistance in resolving preliminary discovery issues that are causing, and will continue to cause, irreparable delay and impair Defendants' ability to prepare for trial and to provide Plaintiffs with adequate pre-trial disclosures. Trial in this case is set to begin December 4, 2023 and resolving preliminary discovery issues with all possible speed is essential. The Defendants respectfully request the Court's assistance with the matters described in this Motion.

**REQUESTED RELIEF**

Defendants respectfully request that the Court convene a status conference to resolve the following issues, described further below, or in the alternative to grant the requested relief:

1. Order that Plaintiffs produce their available responses to Defendants' discovery requests without a Protective Order.  We understand that Plaintiffs may be moving for a Protective Order.  Defendants' position is that information in this case should not be shielded from public view, noting that Plaintiffs seek to strike down a state law enacted with substantial popular support.  Defendants have obligations under the Massachusetts Public Records Law, and the Court previously denied Plaintiffs' motion to file "commercially sensitive" information under seal.  Negotiating an order to Plaintiffs' satisfaction will further delay document production, deposition scheduling, dispositive motion practice, and pre-trial preparation.

2. Set a date by which Plaintiffs must file a partial motion for summary judgment so the parties may plan depositions and other pre-trial matters accordingly.

**BACKGROUND**

**A. Defendants' Discovery and Proposed Pre-Trial Schedule; Plaintiffs' Request for a Protective Order**

Plaintiffs' initial complaint was filed with redactions and accompanied by a motion to file the complaint under seal, which argued that portions of the Complaint contained "commercially sensitive information."  Dkt. Nos. 1, 3, 4.  That motion was denied, see Dkt. No. 13, and the Amended Complaint (Dkt. No. 17) contains much of the previously-redacted material.  That material included information related to Plaintiffs' supply contracts and marking agreement (compare Dkt. No. 1, ¶¶ 98-102, 147 with Dkt. No. 17, ¶¶ 98-101, 147); customer contracts (compare Dkt. No. 1, ¶ 150 with Dkt. No. 17, ¶ 147); Producer Plaintiffs' efforts and ability to convert their facilities to be able to continue to sell into Massachusetts (compare Dkt. No. 1, ¶¶ 105, 107 with Dkt. No. 17, ¶¶ 103, 105); Triumph's processing capacity, policies, and nature of its pig supply and/or practices of its suppliers (compare Dkt. No. 1, ¶¶ 119, 129 with Dkt. No. 17, ¶¶ 117, 127).

In addition, Plaintiffs' Motion for a Preliminary Injunction was supported by a memorandum of law and eight declarations made by officials of the Plaintiff companies and two experts, including an economist, Jayson Lusk. Dkt. Nos. 27, and 27-1 through 27-8. The declarations contained detailed information about the Plaintiffs' revenue and production information, contractual arrangements, and commercial relationships, none of which Plaintiffs asserted were confidential. See id. Plaintiffs rely on the above-identified commercial information in support of their claim the Massachusetts law in issue burdens interstate commerce and their business operations. Discovery into these matters is essential to test Plaintiffs' claims.

On Friday, October 6, 2023, Defendants served requests for production and interrogatories on Plaintiffs. On Tuesday, October 10, 2023, at the parties' Final Pre-Trial Conference, this Court admonished the parties to work cooperatively to facilitate responses to Defendants' discovery, collaborate to establish a discovery and pre-trial schedule, and prepare the case for trial commencing December 4, 2023.

On October 12, 2023, Defendants proposed a pre-trial discovery schedule to Plaintiffs, and asked that Plaintiffs "produce in response to Defendants' discovery requests any material that it currently has readily available to produce, subject to any objections," including that Plaintiffs produce by the close of business on October 13th (or identify by which time they could produce such materials) the following priority items from those requested in Defendants' Requests for Production of Documents:

    a. All proposed trial exhibits Plaintiffs currently have identified (RFP No. 38)
    b. All documents and data relied upon by Plaintiffs' expert witnesses to date (RFP No. 37)
    c. All HPAs/supply contracts (RFP No. 7) and versions of the Seaboard marketing agreement (RFP No. 10)
    d. Document sufficient to identify every SKU for Plaintiffs' Products [i.e., a product/inventory list] (RFP No. 11)
    e. Documents sufficient to identify all of Plaintiffs' operating locations and the number

of breeding pigs at each facility (RFP Nos. 1, 3).

In response, on October 16, 2023, Plaintiffs initially indicated they would not provide any of the requested documents unless Defendants first agreed to a Protective Order and attached a draft order. That order provides broad latitude for Plaintiffs to designate materials as "confidential" and includes terms inappropriate for litigation with a government counterparty or the schedule of this case, *e.g.*, terms conflicting with the Defendants' obligations under the Massachusetts Public Records Law, Mass. Gen. Laws c. 66; setting forth a two-tier confidentiality designation better suited to litigation between private competitors; providing for filing of materials under seal.

Defendants initiated a meeting with Plaintiffs to conference a motion to compel the requested readily-available, responsive documents that were <u>not</u> confidential prior to entry of any potential Protective Order. That conference was held on October 17, 2023. Plaintiffs agreed to (1) make a production of readily-available, non-confidential documents, and (2) identify in which states Plaintiffs' facilities are located, but not to produce material Plaintiffs consider confidential. Later that day, Plaintiffs made a production of 76 documents consisting of publicly-available material, including primarily peer-reviewed studies upon which Plaintiffs expert rely and screen captures of certain Plaintiffs' websites. Plaintiffs did not produce certain documents requested on October 6th and again on October 12th but initially did not identify which documents were withheld or on what grounds (e.g., that they are confidential; not readily available; and/or that Plaintiffs object to their production) until conferencing this motion. Plaintiffs now have clarified that they anticipate designating certain materials – including customer contracts, supply contracts, and other commercial information – as confidential, hence Plaintiffs not producing them at this time.

Among the materials not yet produced (but not withheld as confidential) are the models relied upon by Plaintiffs' expert economist, Jayson Lusk, which Defendants requested again on Wednesday, October 18th, and which Plaintiffs agreed to produce only after Defendants requested a second conference on Friday, October 20th. Defendants now understand from Plaintiffs during conference that they intend to produce these materials but have not yet received them, though this issue hopefully will be resolved prior to a hearing or order from this Court. During the second conference on October 20th, Plaintiffs also indicated that there may be additional proposed trial exhibits that could also be produced, but have not yet been produced, but that others would be designated as confidential. Plaintiffs further indicated at the Rule 7.1 conference that they would move for a Protective Order, which may be before the court at the time of the discovery conference requested herein.

**B. Motion for Summary Judgment Briefing Schedule**

Because Plaintiffs indicated in the parties' Amended Joint Pre-Trial Memorandum that Plaintiffs intended to file an "early motion for partial summary judgment," Defendants initially proposed a date by which Plaintiffs may file a motion for partial summary judgment, a date by which Defendants would file an opposition, and a week during which the Court may hear such a motion at the Court's convenience. Plaintiffs struck that suggestion with no alternative date because they see no need to set a "date certain" for that motion, but in conferencing suggested that such a motion would be forthcoming soon. Defendants request that the Court set a date for that motion so the parties may set the remainder of the pre-trial schedule with certainty.

## CONCLUSION

The parties' disputes are causing cascading, irreparable delays. The result is that Defendants are increasingly unable to make meaningful progress in providing Plaintiffs with

necessary pre-trial disclosures as well as preparing their own case for trial. Absent full cooperation from the Plaintiffs, prejudice to Defendants becomes increasingly inescapable, and Defendants fear they already have passed that point.

WHEREFORE, for the foregoing reasons, the Defendants respectfully request that this Court convene a discovery status conference to resolve these issues, or, in the alternative, order:

1. Order that Plaintiffs respond to Defendants' discovery requests without entry of a Protective Order;

2. Set a date by which Plaintiffs must file a partial motion for summary judgment so the parties may plan depositions and other pre-trial matters accordingly;

3. Any other relief the Court deems appropriate.

Respectfully submitted,

ANDREA JOY CAMPBELL, in her official capacity as Attorney General of Massachusetts, and

ASHLEY RANDLE, in her official capacity as Commissioner of the Massachusetts Department of Agricultural Resources,

By their attorneys,

*/s/ Maryanne Reynolds*
Maryanne Reynolds, BBO No. 627127
Assistant Attorney General
Massachusetts Office of the Attorney General
Constitutional and Administrative Law Division
10 Mechanic Street, Suite 301
Worcester, MA  01608
774-214-4407
maryanne.reynolds@mass.gov

Grace Gohlke, BBO No. 704218
Vanessa A. Arslanian, BBO No. 688099
Assistant Attorneys General
Massachusetts Office of the Attorney General
Constitutional and Administrative Law Division
One Ashburton Place
Boston, MA  02108

617-963-2527<br>
grace.gohlke@mass.gov<br>
617-963-2107<br>
vanessa.arslanian@mass.gov

Dated: October 20, 2023

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that prior to filing this motion I conferred with opposing counsel on October 17, and again on October 20, 2023, and narrowed several issues, but not those described herein.

*/s/ Maryanne Reynolds*<br>
Maryanne Reynolds<br>
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

*/s/ Maryanne Reynolds*<br>
Maryanne Reynolds

Dated: October 20, 2023