```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                    )
TRIUMPH FOODS, LLC,                 )
CHRISTENSEN FARMS MIDWEST, LLC,     )
THE HANOR COMPANY,                  )
OF WISCONSIN, LLC,                  )
NEW FASHION PORK, LLP,              )
EICHELBERGER FARMS, INC.,           )
ALLIED PRODUCERS' COOPERATIVE,      )
individually and on behalf          )
of their members,                   )
                                    )           CIVIL ACTION
                     Plaintiffs,    )           No. 23-11671-WGY
                                    )
             v.                     )
                                    )
ANDREA JOY CAMPBELL, in her         )
official capacity as Attorney       )
General of Massachusetts,           )
ASHLEY RANDLE, in her official      )
capacity as Massachusetts           )
Commissioner of Agriculture,        )
                                    )
                     Defendants.    )
_____)
```

YOUNG, D.J.                                          October 25, 2023

## ORDER

Having reviewed all the parties' submissions, there is no need to take scarce court time for an oral hearing.

1. The Plaintiffs' case management schedule is the more reasonable. The Court adopts it.

2. As the parties seem intent on sweeping discovery, the Plaintiffs are thus entitled a protective order covering their confidential business information. See, e.g., W.N. Motors, Inc. v. Nissan N. Am., Inc., No. 21-CV-11266-ADB,

   2022 WL 1568443, at *2 (D. Mass. May 18, 2022)
   (Burroughs, J.) (collecting cases); Gabriel v.
   Superstation Media, Inc., No. CV 13-12787-NMG, 2014 WL
   12796359, at *3 (D. Mass. Nov. 7, 2014) (Boal, M.J.)
   (granting a protective order for "the identity of
   [party's] customers, customer contracts, and pricing
   information").  The Court adopts the Plaintiffs' proposed
   protective order.

3. While these orders are necessary given the parties'
   framing of the case, the Court must say frankly that the
   more it examines the jurisprudence of the "dormant
   commerce clause," the less the Court understands why the
   economic impact of Massachusetts's popularly mandated
   legislation is material to the analysis.  But see Pike v.
   Bruce Church, Inc., 397 U.S. 137, 142 (1970).  The
   Supreme Court most recently spoke to these issues in
   National Pork Producers v. Ross, 598 U.S. 356, 371
   (2023).  Plaintiffs and their amici frequently cite
   Justice Kavanaugh's opinion in that case.  It is the
   dissenting opinion.

**SO ORDERED.**

                                    /s/ William G. Young
                                    WILLIAM G. YOUNG
                                    DISTRICT JUDGE