IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRIUMPH FOODS, LLC, CHRISTENSEN FARMS MIDWEST, LLC, THE HANOR COMPANY OF WISCONSIN, LLC, NEW FASHION PORK, LLP, EICHELBERGER FARMS, INC. and ALLIED PRODUCERS' COOPERATIVE, individually and on behalf of its members,<br><br>    Plaintiffs,<br>v.<br><br>ANDREA JOY CAMPBELL, in her official capacity as Attorney General of Massachusetts, and ASHLEY RANDLE, in her official capacity as Commissioner of the Massachusetts Department of Agricultural Resources,<br><br>    Defendants. | Case No. 1:23-cv-11671-WGY<br><br><br><br>**JOINT MOTION FOR CLARIFICATION & EXPEDITED STATUS CONFERENCE** |

Plaintiff, Triumph Foods, LLC, ("Plaintiff") and Defendants Andrea Joy Campbell, in her official capacity as Attorney General of Massachusetts, and Ashley Randle, in her official capacity as Commissioner of the Massachusetts Department of Agricultural Resources (collectively, "Defendants," and collectively with Plaintiffs, the "Parties") submit this Joint Expedited Request for a Status Conference with the Court to clarify issues in advance of the December 19th Case Stated Hearing.

The Parties have conferred at length, provide this status update and seek the Court's guidance to ensure the Case Stated hearing proceeds efficiently. Accordingly, the Parties submit their respective understanding for the Court's consideration and request an expedited status conference to address these issues, and, if necessary, the Parties agree that the Court should defer or sever the arguments under Count One's dormant Commerce Clause *Pike* theory so that at least

1

a portion of Plaintiff Triumph's dormant Commerce Clause claim, the discrimination theory, can proceed as scheduled.

### Status of Plaintiff's Dormant Commerce Clause Claim

The Parties disagree whether the December 19th Case Stated hearing will involve consideration of Plaintiff's complete Count One under the dormant Commerce Clause, or a portion of the dormant Commerce Clause claim under Count One.

The Parties agree that the discrimination theory of Plaintiff's dormant Commerce Clause claim as to out of state processors like Triumph is the subject of the Case Stated hearing.

The Parties dispute, however, whether the portion of the same Count One, Plaintiff's *Pike* theory of its dormant Commerce Clause claim, is still in the case, as set forth in the parties' prior filings before the Court and incorporated here by reference.  ECF Nos. 102, 104, 105.  Accordingly, the Parties believe that there are factual disputes related to the *Pike* theory that they have not been able to stipulate to at this time for purposes of a Case Stated hearing.

The Parties are able to submit the Partial Stipulation, attached here as Attachment A, in connection with the scheduled proceeding.  The Plaintiff contends Attachment A is not sufficient to proceed on a Case Stated basis.

The Parties agree that the relief sought by Plaintiff is the same under both arguments under the Count. If, in fact, the Court intended to allow the Parties to proceed (consistent with Plaintiff's understanding) as to the entirety of Count One, the dormant Commerce Clause claim, the arguments under *Pike* will need to be addressed by the Court separate from the Case Stated hearing because the Parties cannot stipulate to the evidence concerning this portion of the Count at this time.

**Permissible Evidence for Case Stated Proceeding**

The Parties have submitted the current draft of the Partial Stipulation of Facts, incorporated by reference here as Attachment "A." As previously noted, Plaintiff contends this Attachment "A" is not sufficient to proceed on a Case Stated basis.

The Parties agree the Court consolidated Plaintiffs' motion for preliminary injunction, ECF No. 26, with the trial on the merits under Rule 65(a)(2). *See* ECF No. 42.  Plaintiff Triumph Foods contends that due to this consolidation, this Court may consider, and should automatically incorporate into the trial record, the evidence that was submitted by Triumph Foods in support of its Motion for Preliminary Injunction.

Defendants' view is that the Case Stated record consists of the facts and exhibits to which the parties stipulate.  The Defendants' view is that a Case Stated waives trial, and so Defendants contend that there is no trial record in this proceeding.  Accordingly, Defendants object and do not agree to stipulate to the admission of the declarations and evidence submitted (ECF No. 27-1 through 27-8).   The Parties require clarification on whether the Court will accept this evidence into the record for consideration under the Case Stated procedure.

Defendants do not object that the Court may take judicial notice of the exhibits submitted in connection with its summary judgment brief.  ECF No. 86; or any related supplementation to this judicial notice for purposes of the Case Stated proceeding as consistent and permitted under the Federal Rules of Evidence.

WHEREFORE, the Parties request an expedited status conference with the Court, and, if necessary, the Parties agree that the Court should defer or sever the arguments under Count One's dormant Commerce Clause *Pike* theory so that at least a portion of Plaintiff Triumph's dormant Commerce Clause claim, the discrimination theory can proceed as scheduled.

Dated this 12th day of December, 2023

Respectfully submitted,

| | |
|---|---|
| TRIUMPH FOODS, LLC<br><br>By their attorneys,<br>By: */s/ Ryann A. Glenn*<br>Robert L. Peabody<br>MA #551936, NY #1990654<br>HUSCH BLACKWELL LLP<br>One Beacon Street, Suite 1320<br>Boston, Massachusetts 02108<br>Telephone: (617) 720-5090<br>Facsimile: (617) 720-5092<br>robert.peabody@huschblackwell.com<br><br>Cynthia L. Cordes *(admitted pro hac vice)*<br>Ryann A. Glenn *(admitted pro hac vice)*<br>Michael Raupp *(admitted pro hac vice)*<br>HUSCH BLACKWELL LLP<br>4801 Main Street, Suite 1000<br>Kansas City, MO 64112<br>Telephone: (816) 983-8381<br>Facsimile: (816) 983-8080<br>cynthia.cordes@huschblackwell.com<br>ryann.glenn@huschblackwell.com<br>michael.raupp@huschblackwell.com<br>*Attorneys for Plaintiff* | ANDREA JOY CAMPBELL, in her official capacity as Attorney General of Massachusetts, and ASHLEY RANDLE, in her official capacity as Commissioner of the Massachusetts Department of Agricultural Resources,<br><br>By their attorneys,<br><br>*/s/ Vanessa A. Arslanian*<br><br>Grace Gohlke, BBO No. 704218<br>Vanessa A. Arslanian, BBO No. 688099<br>Assistant Attorneys General<br>Massachusetts Office of the Attorney General<br>Constitutional and Administrative Law Division<br>One Ashburton Place<br>Boston, MA 02108<br>617-963-2527<br>617-963-2107<br>grace.gohlke@mass.gov<br>vanessa.arslanian@mass.gov<br><br>Maryanne Reynolds, BBO No. 627127<br>Assistant Attorney General<br>Massachusetts Office of the Attorney General<br>Constitutional and Administrative Law Division<br>10 Mechanic Street, Suite 301<br>Worcester, MA 01608<br>774-214-4407<br>maryanne.reynolds@mass.gov<br>*Attorneys for Defendants* |

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

|  |  |
|---|---|
| Dated:  December 12, 2023 | /s/ *Maryanne Reynolds*<br>Maryanne Reynolds |